**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GWENDOLYN ARTESIA MURPHY,

Defendant - Appellant.

No. 98-6142

(W.D. Oklahoma)

(D.C. No. CR-97-210-L)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Following a guilty plea, Gwendolyn Artesia Murphy was convicted on one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and she was

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to two hundred sixteen months' imprisonment. In this appeal, Murphy's counsel has filed an Anders brief and a motion to withdraw. See Anders v. California, 386 U.S. 738, 744 (1967). As provided in Anders, Murphy received a copy of her counsel's brief so that she could "raise any points that [s]he chooses." Id. In response, Murphy has filed a letter which sets forth the following claims of error respecting her conviction and her sentence: 1) she received ineffective assistance of counsel; 2) there was a "discrepancy" between what she pleaded to and what was "brought into court;" 3) FBI agents failed to give her Miranda warnings; 4) the government failed to turn over the FBI agents' report; and 5) she was coerced into entering the plea agreement. She has also filed a motion for withdrawal of the Anders brief, and an additional motion for appointment of new counsel. We deny Murphy's motions, affirm the conviction and sentence, and grant counsel's motion to withdraw.

## BACKGROUND

According to the Presentence Investigation Report ("PSR"), R. Vol. II, the government filed a single count information which charged that, from early 1996 through July 28, 1997, Murphy knowingly and intentionally possessed with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On January 6, 1998, Murphy appeared with counsel before the district court for the purpose of

-2-

entering a guilty plea. At that time, pursuant to Fed. R. Crim. P. 11, the court advised Murphy of the rights she was waiving by her plea. R. Vol. III at 4-7. The court also inquired about her state of mind, her general understanding, as well as her specific understanding of the penalties which could be imposed. Id. at 9-12, 22. Finally, the court questioned her at length in order to determine whether the plea was voluntary and whether there was a factual basis for it. Id. at 12-16, 19-21. In response to questions by the government and the court, Murphy testified that during most of 1996 and 1997 until she was arrested, she purchased one quarter ounce quantities of rock cocaine once or twice a week. Id. at 16-17. Although she denied selling any of the crack, she admitted that she shared it with friends. Id. at 18-21. The court then accepted Murphy's plea, finding that she was competent to enter it, and that she did so voluntarily, id. at 22, and it ordered the PSR to be prepared. Id. at 22-23. Based upon Murphy's statements to FBI agents, the PSR set the amount of crack cocaine attributable to Murphy at 1.13 kilograms, which resulted in a base offense level of 36. R. Vol. II at 6. Murphy's counsel filed objections to the PSR. Id. at 13-16. Those objections disputed the calculation of the drug quantity, the failure to give credit for acceptance of responsibility, and the failure to recommend a downward departure. Id. At sentencing, the district court sustained Murphy's objection respecting her

entitlement to three points credit for acceptance of responsibility, but it denied the other objections. R. Vol. IV at 49, 63, 67-68.

## DISCUSSION

As noted, Murphy's counsel filed an Anders brief contending that his conscientious review of the record and legal research led him to conclude that nothing in the record arguably supported this appeal. See Anders, 386 U.S. at 744. Pursuant to Anders, we must independently examine the record to determine whether this appeal is in fact without merit, see id., and we also consider the specific points raised by Murphy's response and motions.

**A. Ineffective Assistance of Counsel**. Contrary to her representations before the district court, Murphy now claims that her counsel did not adequately explain the plea agreement to her, that he pressured her into signing it, and that he simply told her to answer "yes" to the court's questions. As the government correctly notes, generally claims of ineffective assistance of counsel are not addressed on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). However, we find that this is one of those "rare instances [in which] an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." Id. As noted, Murphy testified on the record that no one had coerced, threatened, or promised her anything in return for her plea. R.

Vol. III at 13, 21.  Moreover, she specifically professed satisfaction with her counsel, and she repeatedly indicated her understanding, both of the proceedings and of the consequences of her plea.       Id. at 5, 8, 4-15, 22.  Although such record responses may be subject to challenge under appropriate circumstances, they "constitute a formidable barrier in any subsequent [ ] proceedings."       Blackledge v. Allison , 431 U.S. 63, 74 (1977).  Murphy offers only conclusory allegations that she was "pressured" into pleading guilty, and that she failed to understand the proceedings and the consequences of that plea.  Such allegations are insufficient to overcome the presumption of verity accorded "[s]olemn declarations in open court."  Blackledge , 431 U.S. at 74.  Accordingly, we find this claim to be without merit.

**B.  <u>Discrepancy Between What Was Pleaded and What Was Brought In.</u>**   Although Murphy's initial response letter does not offer any explanation of the alleged discrepancy, her motion states that she "has factual basis for an appeal based on personal use of ¼ ounce of a controlled substance instead of possession with intent to sell."  Motion for Withdrawal of Appellant's        <u>Anders</u>  Brief. However, any such claim is clearly contradicted by Murphy's own testimony at the plea hearing.  That is, at the hearing she admitted that she had been arrested with 5.8 grams of crack cocaine in her possession, and she further admitted that it had been her "intent to use     <u>and also to give that crack cocaine to other people      </u>."

R. Vol. III at 19 (emphasis added). Apparently, Murphy contends that her plea and conviction cannot stand without evidence that she actually <u>sold</u> crack cocaine. However, it is well settled that sharing drugs with another constitutes "distribution" under § 841. <u>See, e.g.</u>, <u>United States v. Hester</u>, 140 F.3d 753, 761 (8th Cir. 1998); <u>United States v. Washington</u>, 41 F.3d 917 (4th Cir. 1994).

To the extent that Murphy's response may be interpreted to contest the quantity of crack cocaine attributed to her, we conclude that the district court's finding as to amount was well-supported both by the evidence adduced at the sentencing hearing and by Murphy's own testimony when she entered her plea. Accordingly, we find this contention to be meritless.

**C. Miranda Warning and Government Failure to Turn over FBI Report**. Murphy complains that the FBI agents who questioned her failed to give her a Miranda warning.[1] She also contends that the FBI report should have been turned over as part of the discovery process. Her guilty plea waives any such non-jurisdictional claims. <u>United States v. Robertson</u>, 45 F.3d 1423, 1434 (10th Cir. 1995).

---

[1]We note that, at the sentencing hearing, Murphy did not dispute the FBI agent's testimony that she had been advised of her Miranda rights.

**D. Involuntariness of Plea .** Finally, Murphy contends that her plea resulted from pressure and coercion. However, as noted _supra_, her testimony at the time she entered the plea directly contradicts this claim.

Therefore, we DENY Murphy's motions to withdraw the _Anders_ brief and to appoint new counsel, we AFFIRM Murphy's conviction and sentence, and we GRANT defense counsel's motion to withdraw.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge