**Mark ANDERSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

CR. 95–50061–06.
CIV. 01–40061.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 21, 2003.

Mark Anderson, Federal Correctional, Institution—Manchester, Manchester, KY, Pro se.

## ORDER DENYING MOTION TO VACATE SENTENCE

GADOLA, District Judge.

Before the Court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Where, as here, the records and files of a case determinatively establish that a petitioner is not entitled to relief, the law does not require, and this Court will not order, an evidentiary hearing for a § 2255 motion. For the reasons set forth below, the Court will deny Petitioner's motion.

### I. BACKGROUND

On July 7, 1997, a jury of his peers found Petitioner guilty of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, and possessing, with intent to distribute, cocaine in violation of 21 U.S.C. § 841. On October 21, 1997, this Court sentenced Petitioner to two concurrent thirty-year terms in prison. The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction in *United States v. Simpson*, No. 97–2305, 1999 WL 777348, at *10 (6th Cir. Sept.21, 1999). On March 6, 2000, the Supreme Court of the United States denied Petitioner's petition for the writ of certiorari. *See Anderson v. United States*, 529 U.S. 1010, 120 S.Ct. 1282, 146 L.Ed.2d 229 (2000).

On March 5, 2001, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On March 28, 2001, however, this Court struck the motion from the record because Petitioner's brief exceeded the twenty-page limit of the Local Rules, *see* E.D. Mich. LR 7.1(c)(3)(A), and Petitioner failed to obtain leave of Court to file an extended brief. Petitioner then filed a submission entitled "Amend-

ment to petitioner 2255[sic]" on April 13, 2001. Petitioner supported this submission with a twenty-page brief and requested that the Court make this submission part of the record pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Because this Court struck Petitioner's first attempt to file a § 2255 brief from the record, this Court construed Petitioner's submission of April 13, 2001, as Petitioner's initial § 2255 brief in this case. Petitioner adduced four arguments: (1) he suffered prosecutorial misconduct; (2) he had suffered ineffective assistance of counsel; (3) the Court improperly instructed the jury; and (4) his sentence violated the doctrine of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The Government argued that Petitioner filed his motion late and that the Court should deny the motion as untimely. The Court agreed that Petitioner's first three arguments were untimely and denied the three on that procedural ground. However, for reasons enunciated in *Jackson v. United States*, 129 F.Supp.2d 1053 (E.D.Mich.2000) (Gadola, J.), the Court held that Petitioner's *Apprendi* argument was not untimely; nevertheless, the Court denied relief on the merits. The Sixth Circuit affirmed this Court's ruling on the *Apprendi* claim but vacated the remainder of this Court's order denying habeas relief. *See Anderson v. United States*, No. 01–2476, 2002 WL 857742, at *1 (6th Cir. May 3, 2002). The Court now proceeds to adjudicate Petitioner's remaining three claims on the merits. *See id.* at *3–4.

## II. LEGAL STANDARD

■ To obtain relief pursuant to § 2255, a petitioner must establish any one of the following: (1) his sentence was imposed in violation the Constitution or federal law; (2) the Court lacked jurisdiction

to impose such a sentence; (3) the sentence exceeded the maximum allowed by law; or, (4) his sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Williams v. United States*, 13 F.Supp.2d 616, 617 (E.D.Mich.1998) (Gadola, J.). The grounds for relief under § 2255 are narrower than they would have been on direct appeal. *Williams*, 13 F.Supp.2d at 617.

## III. ANALYSIS

### A. Prosecutorial Misconduct Claim

Petitioner alleges that the Government's attorney committed prosecutorial misconduct in his closing argument by stating that Petitioner was "arrested twice when in fact he had not been." Pet'r Br. at 4.

■ To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The Sixth Circuit has adopted a two-step approach for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir.2002) (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir.2001)); *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir.2000). First, the Court must consider whether the prosecutor's conduct and remarks were improper. *See Macias*, 291 F.3d at 452 (citing same). Second, if the Court concludes that the remarks were improper, then the Court must apply the four-factor test set forth by the Sixth Circuit in *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir.1994), to determine "whether the impropriety was flagrant" and thus violated the defendant's due process rights. *Macias*, 291 F.3d at 452

(quoting *Carter*, 236 F.3d at 783). The four factors are: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong. *See Macias*, 291 F.3d at 452 (quoting *Carter*, 236 F.3d at 783).

In closing argument, a prosecutor is allowed "to argue reasonable inferences from the evidence," *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir.2000), but he is not allowed to misstate the evidence, *Macias*, 291 F.3d at 452 (citing *Carter*, 236 F.3d at 784). Thus, it is "improper for a prosecutor, during closing arguments, to bring to the attention of the jury any purported facts that are not in evidence and are prejudicial." *Macias*, 291 F.3d at 452 (quoting *Byrd*, 209 F.3d at 535).

 In this case, the prosecutor's remarks were not improper because the relevant portion of his closing argument was reasonably drawn from the record. *See* Tr. 32–35 (Testimony of Lt. Jerome Koger, June 19, 1997). Alternatively, even if the prosecutor's remarks were improper, they were not flagrant. That is, they were isolated and were accidentally made. *See* Gov't Br. at 20. Moreover, even assuming Petitioner's alternate view of the pertinent facts is true, it would have been inconsequential given the overwhelming strength of case against him. Therefore, Petitioner's prosecutorial misconduct claim fails both steps of the Sixth Circuit's two-step approach, and the Court will not issue § 2255 relief on this claim.

## B. Ineffective Assistance of Counsel Claims

 To establish that his counsel was ineffective, Petitioner must prove that (1) counsel's performance was deficient and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that counsel afforded the defendant reasonable professional assistance:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to *eliminate the distorting effects of hindsight*, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689, 104 S.Ct. 2052 (emphasis added) (citations omitted). To satisfy the second prong of the *Strickland* test, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Therefore, "an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a

defendant's trial counsel were reasonable, even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir.2002) (quoting *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir.2001)).

Petitioner raises four ineffective assistance of counsel claims.

1. Petitioner first argues that trial counsel was ineffective in failing to object to the purported prosecutorial misconduct discussed in the preceding subsection of this Order. Because the prosecutor's remarks were not improper, *see supra*, counsel's performance was not deficient. Alternatively, even if counsel's performance was deficient, Petitioner has not established a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different given the overwhelming case against him. Accordingly, Petitioner is not entitled to § 2255 relief on his first ineffective assistance of counsel claim.

2. Petitioner next argues that trial counsel was ineffective in failing to move for a limiting instruction pursuant to Rule 105 of the Federal Rules of Evidence. Specifically, Petitioner maintains that counsel should have moved for such an instruction for certain evidence admitted against a co-defendant in this case. This evidence tended to show that the co-defendant was responsible for the killing of an unindicted co-conspirator in this case.

■ Counsel's decision not to move for a limiting instruction is a matter of sound trial strategy. *See Moss*, 286 F.3d at 863 ("Silence can constitute trial strategy." (quoting *Warner v. Ford*, 752 F.2d 622, 625 (11th Cir.1985))). By remaining silent in this context, counsel avoided drawing the jury's attention to any possible link between the evidence pertaining to the co-defendant and Petitioner. Thus, it is not appropriate to second-guess counsel in this situation. *Strickland*, 466 U.S. at 689, 104

S.Ct. 2052. Furthermore, there is no reasonable probability that the outcome would have been different. Beyond the fact that there was an overwhelming case against Petitioner, Petitioner benefitted from this Court's limiting instructions within the jury instructions at the close of trial. *See* Tr. at 37–38, 47 (June 27, 1997); *see also United States v. Chance*, 306 F.3d 356, 388 (6th Cir.2002) (holding that a trial court may give a limiting instruction during final instructions to the jury). Consequently, Petitioner is not entitled to § 2255 relief on his second ineffective assistance of counsel claim.

3. Petitioner further argues that trial counsel was ineffective in not objecting to, or seeking limiting instructions for, "numerous instances of the introduction of evidence in violation of [Rule] 404(b)" of the Federal Rules of Evidence, which disallows the admission of certain evidence that relates to other crimes, wrongs, and bad acts. *See* Pet'r Br. at 14. The evidence in question concerns two instances involving Petitioner and a controlled substance.

■ Petitioner's argument is without merit. The evidence relating to the events of October 16, 1996, was used to prove the crime of possession with intent to distribute, and the evidence relating to the events of October 18, 1996, was used to prove the crime of conspiring to distribute. *See* Gov't Br. at 20. Thus, contrary to Petitioner's contention, the challenged evidence was not Rule 404(b) character evidence. Therefore, counsel was not deficient in this matter, and, even if he somehow was, Petitioner has not established a reasonable probability that the result of the trial would have been different given the overwhelming case against him. Thus, Petitioner is not entitled to § 2255

relief on his third ineffective assistance of counsel claim.

4. Finally, Petitioner argues that trial counsel was ineffective in not objecting to testimony that "two people sharing drugs with each other would constitute distribution." *See* Pet'r Br. at 17. In support of this argument, Petitioner relies on *United States v. Layne*, 192 F.3d 556 (6th Cir.1999). Petitioner also contends that counsel was ineffective in not securing a more favorable jury instruction on this issue.

Petitioner's reliance on *Layne* is misplaced. Although the Sixth Circuit in *Layne* ruled that sharing drugs was not necessarily a *conspiracy*, the Sixth Circuit found, contrary to Petitioner's belief, that sharing drugs does constitute *distribution*. *See id.* at 569 (citing *United States v. Washington*, 41 F.3d 917, 920 (4th Cir. 1994) (holding that a person who shares drugs with a friend possesses the drug with an intent to distribute in violation of § 841(a)(1))). Furthermore, the Court's jury instruction on this point complied with Sixth Circuit precedent. *See United States v. Phibbs*, 999 F.2d 1053, 1063 (6th Cir.1993). Therefore, counsel was not deficient in this regard, and Petitioner's fourth ineffective assistance counsel claim is without merit.

### C. Improper Instruction of Jury Claim

Although Petitioner couches his final § 2255 argument as an improper instruction claim, it is, in fact, a second *Apprendi* claim. *See* Pet'r Br. at 10. Petitioner is not entitled to § 2255 relief under *Apprendi* because the Sixth Circuit has held that "*Apprendi* is not retroactively applicable to initial § 2255 motions," such as the one in this case. *Goode v. United States*, 305 F.3d 378, 382–85 (6th Cir.), *cert. denied*, — U.S. —, 123 S.Ct.

711, 154 L.Ed.2d 647 (2002). Thus, Petitioner is not entitled to § 2255 relief.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir.2002) ("***We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.***" (emphasis added)). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within TWENTY (20) DAYS of service of Petitioner's motion for a COA.

**SO ORDERED.**

### *JUDGMENT*

The above entitled matter having come before the Court on a motion to vacate sentence pursuant to 28 U.S.C. § 2255, Honorable Paul V. Gadola, United States District Judge, presiding, and in accordance with the Order entered on February 21, 2003, **IT IS ORDERED AND ADJUDGED** that Petitioner Mark Anderson is entitled to **NO RELIEF** and that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the Clerk serve a copy of this Judgment by United

States mail on Petitioner and on counsel for the Government.