**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4254**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MICHAEL FREDDIE DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:07-cr-00320-WO-1)

Submitted:  November 30, 2010      Decided:  December 28, 2010

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.
Angela Hewlett Miller, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael F. Davis was convicted after a jury trial of distribution of 4.9 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) (2006). Davis was sentenced as a career offender to 225 months' imprisonment. Davis's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court violated Davis's Sixth Amendment right to confront the witnesses against him by admitting the out-of-court statements of a deceased confidential informant, and whether the district court erred in denying Davis's motions for judgment of acquittal. Davis filed a pro se supplemental brief rearguing the issues pointed out by counsel, and filed a supplement to his pro se brief,[1] arguing that his indictment should have been dismissed because the Government violated Fed. R. Crim. P. 6(d), and the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2 (2006). We affirm.

Generally, we review decisions to admit evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). However, where evidentiary issues relate to an asserted violation of the Sixth Amendment, the appropriate

---

[1] Davis's brief is entitled a "Motion for Limited Remand on Rule 6(d) and Detainer Act Violation Claims," which we construe as a supplement to his original pro se brief.

2

standard of review is de novo.  United States v. Robinson, 389 F.3d 582, 592 (6th Cir. 2004).  The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."  Crawford v. Washington, 541 U.S. 36, 53-54 (2004).  For a statement to be excludable under the Confrontation Clause, it must be "testimonial," United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008), and offered for the truth of the matter asserted, Crawford, 541 U.S. at 59 n.9 (the Confrontation Clause does not bar the use of "testimonial statements for purposes other than establishing the truth of the matter asserted").

Assuming that the statements were testimonial and offered for the truth of the matters asserted, their improper admission does not require reversal.  Although Davis initially objected to the admission of the statements, he retracted both objections in light of the limiting instructions subsequently provided by the district court.  Because Davis acquiesced to the district court's proposed solution, his claims now merit at most only plain error review.  See Fed. R. Evid. 103 committee's note.

To demonstrate plain error, Davis must show that:  (1) there was an error; (2) the error was plain; and (3) the error

3

affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Moreover, we reverse only if "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation omitted). We have reviewed the record and conclude that Davis cannot meet this demanding standard.

We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for

the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To prove that Davis distributed cocaine base, the Government had to show that Davis: (1) "knowingly or intentionally distributed a controlled substance stated in the indictment; and (2) at the time of such distribution knew that the substance distributed was a controlled substance under the law." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). To distribute a controlled substance means to deliver it; delivery, in turn, is "the actual, constructive, or attempted transfer of a controlled substance." United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994) (internal quotation marks and citation omitted). After reviewing the record, we conclude that there was sufficient evidence from which the jury could conclude that Davis was guilty beyond a reasonable doubt of distributing cocaine base.

We also conclude that Davis's sentence is reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a)

5

factors.'" <u>United States v. Carter</u>, 564 F.3d 325, 329 (4th Cir. 2009) (quoting <u>Gall</u>, 552 U.S. at 51.). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. <u>Id.</u> When reviewing a sentence on appeal, we presume a sentence within the Guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007). We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Davis and that his sentence in the middle of the Guidelines range is reasonable.

We have reviewed Davis's pro se claims and conclude that the issues he raises that are cognizable on direct appeal do not entitle him to relief.[2]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Davis's conviction and sentence. This court requires that counsel inform Davis in writing of his right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[2] We decline to consider on direct appeal Davis's claims that he was not afforded effective assistance of trial counsel. <u>See</u>, <u>e.g.</u>, <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008).

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7