**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4638**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TYMON JAMES WELLS,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:10-cr-00869-CMC-1)

———————————

Submitted:  December 12, 2011    Decided:  December 22, 2011

———————————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Robert C. Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tymon James Wells appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and using, brandishing, and discharging a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, Wells challenges the district court's answer to a jury question, claiming that the district court's response was an incorrect statement of law that led the jury to convict him of violating 21 U.S.C. § 841(a)(1). We affirm.

Because Wells timely objected to the formulation of the district court's response to the jury question at issue, we review for an abuse of discretion the district court's decision to respond and the form of that response. United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007). "In responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice," and an error requires reversal only if it is prejudicial based on the record as a whole. Id.

Upon review of the record and the controlling law in this Circuit, we find that the district court's response to the jury's question was a correct statement of law and not an abuse

2

of its discretion.   We have held that an individual can be convicted under 21 U.S.C. § 841(a)(1) when he has possessed a controlled substance with the intent to share it with others. United States v. Washington, 41 F.3d 917, 920 (4th Cir. 1994); see also United States v. Wallace, 532 F.3d 126, 129-31 (2nd Cir. 2008).   Therefore, considering the evidence produced during Wells' trial, the district court was correct when it informed the jury that the passing of a marijuana cigarette, or a "blunt," to one's friend could, but need not necessarily, constitute evidence indicating the intent to distribute the drug.    Wells'  broad  assertion  that  establishing  shared possession of a controlled substance negates the possibility of finding that one of the possessors intended to distribute the substance to the other is a misstatement of the requirements for conviction under 21 U.S.C. § 841(a)(1).

We find unpersuasive Wells' reliance on United States v. Swiderski, 548 F.2d 445 (2d Cir. 1977).  We have previously declined to consider whether the Second Circuit's narrow and fact-bound holding in Swiderski is a proper statement of law in this Circuit, and conclude that we need not resolve that question here.   Washington, 41 F.3d at 920 n.2.   The facts of Wells' case are far different from those the court considered in Swiderski, and, therefore, we find the reasoning and holding in that case inapplicable to our present inquiry.

3

Therefore, we affirm Wells' conviction.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED