**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4331**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTHONY MCCLAIN, a/k/a Ice, a/k/a New York,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Cameron McGowan Currie, District Judge.  (5:96-cr-00179-CMC-1)

Submitted:  September 18, 2012       Decided:  October 24, 2012

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Kimberly H. Albro, Research and Writing Specialist, Columbia, South Carolina, for Appellant.  Nancy Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony McClain appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. McClain's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal. McClain has filed a pro se supplemental brief raising several issues. The Government did not file a brief. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). McClain had no objections to the amended violations report. According to the report, while on supervision, McClain tested positive for a controlled substance four times, pled guilty to assault and battery in the first degree and admitted that he exchanged crack cocaine for sex. We conclude that it was shown by a preponderance of the evidence that McClain violated his supervised release. Accordingly, we find that the district court did not abuse its discretion by revoking supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that McClain's sentence is within the prescribed range and is not

3

plainly unreasonable. At the revocation hearing, the court properly considered the Guidelines and applicable statutory factors in imposing its sentence, including McClain's noncompliance and his very serious criminal record.

McClain argues that exchanging drugs for sex is not a distribution offense. This claim is without merit. Distribution includes any actual transfer of a controlled substance. United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994) (distribution includes sharing drugs with friends). In McClain's instance, he did more than share the crack cocaine; he gave it to a prostitute in exchange for sex. Because distribution of any amount of crack cocaine is a felony offense, it was properly scored a Grade A violation. See 21 U.S.C. § 841(b)(1)(C); U.S. Sentencing Guidelines Manual § 7B1.1.[*]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States

---

[*] McClain's claim that his assault and battery conviction was not a Grade A violation is moot. Assuming he is correct, he still faced a Grade A violation by virtue of the drug distribution charge. Thus, because of the drug distribution violation, his Chapter Seven Guidelines sentence was properly determined to be twenty-four months.

for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED