**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4353

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE KELLY,

Defendant - Appellant.

No. 23-6704

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE KELLY,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:21-cr-00522-JFA-7)

Submitted:  April 30, 2026                        Decided:  May 22, 2026

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Howard W. Anderson III, Pendleton, South Carolina, for Appellant. Bryan P. Stirling, United States Attorney, Andrea Gwen Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Kelly pleaded guilty, pursuant to a written plea agreement, to two counts of using a telephone to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). The district court sentenced Kelly to 45 months' imprisonment for each conviction and ordered the sentences to run consecutively. Kelly filed a pro se motion to reconsider his sentence and asserted that the maximum sentence that the district court could have imposed was 48 months. The district court denied the motion. Kelly appealed the criminal judgment (No. 23-4353) and the order denying his motion to reconsider his sentence (No. 23-6704), and this court consolidated the appeals.

On appeal, Kelly's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court committed an error when grouping the offenses under U.S. Sentencing Guidelines Manual § 3D1.1 (2021). Kelly filed a pro se supplemental brief and more than 50 supplements. Kelly also filed a motion to amend his pro se supplemental brief (ECF No. 45),[1] which we now grant.

Upon conducting our *Anders* review of the record, we identified two nonfrivolous appellate issues, that is, (1) Whether under Fed. R. Crim. P. 11(b)(1)(G), Kelly understood the nature of each charge to which he pleaded guilty, and (2) Whether under Fed. R. Crim. P. 11(b)(3), there was a factual basis for Kelly's guilty pleas. We directed the parties to file supplemental briefs addressing those issues.

---

[1] ECF citations are to the lead case, No. 23-4353.

After receiving Kelly's counsel's supplemental brief, we relieved counsel of his duties, appointed new counsel for Kelly, and ordered another round of supplemental briefing on those two issues.

Kelly's new counsel thereafter submitted a supplemental opening brief addressing those two issues and raising a new issue—that Kelly was deprived of the benefit of his plea bargain because he was not permitted to argue at sentencing that he did not distribute drugs and possessed them only for personal use. Kelly's counsel represents, however, that Kelly does not wish to challenge his convictions and wants to challenge only his sentence. (Appellant's Second Supp. Br. (ECF No. 131) at 16 n.3). Kelly's counsel thus seeks resentencing based on this new argument. Kelly has filed two pro se letters confirming that he does not wish to challenge his convictions at this time. (ECF Nos. 134, 136). The Government has also filed a supplemental brief addressing the two issues on which we ordered supplemental briefing and the new issue Kelly's counsel has raised. For the reasons that follow, we affirm the criminal judgment and the district court's order denying Kelly's motion to reconsider his sentence.

We start with the validity of Kelly's guilty plea, which was the subject of this court's supplemental briefing order. Because Kelly and his counsel have represented that Kelly does not wish to challenge his guilty plea and that he wants to challenge only his sentence, we decline to resolve the issues on which we ordered supplemental briefing.[2] *See Clark v.*

---

[2] For the same reason, we do not reach Kelly's challenges to his convictions that he raised in his earlier pro se filings.

4

*Sweeney*, 607 U.S. 7, 9 (2025) (explaining that, under "the principle of party presentation," "[t]he parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present" (internal quotation marks omitted)).

Insofar as Kelly's counsel now contends that Kelly did not receive the benefit of his plea bargain because the district court did not allow him to argue the personal use versus distribution issue at sentencing, we reject that contention. The sentencing transcript reflects that both defense counsel and Kelly argued at sentencing that Kelly possessed drugs for personal use and did not distribute them. But the district court found based on abundant testimony at the sentencing hearing that Kelly distributed drugs to other people in addition to possessing them for personal use. For example, one of Kelly's codefendants testified that Kelly purchased heroin despite not using that drug. That codefendant also confirmed that Kelly provided heroin and other drugs to the codefendant and to employees of Kelly's business. *See United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994) (explaining that "[d]istribution under 21 U.S.C. § 841(a)(1) is not limited to the sale of controlled substances" and that "sharing drugs with another constitutes distribution under § 841(a)(1)" (internal quotation marks omitted)).

Turning to Kelly's sentence, we have reviewed each of Kelly's challenges to his sentence, including that the district court made an error in grouping the offenses under USSG § 3D1.1, that the district court erred in calculating the drug quantity attributable to him under USSG § 2D1.1, that he was improperly denied acceptance of responsibility under USSG § 3E1.1, that the district court erred in determining his criminal history score, that the witnesses who testified at the sentencing hearing were not credible, that the district

5

court contravened *United States v. Booker*, 543 U.S. 220 (2005), that the district court should have ordered his two terms of imprisonment to run concurrent, and that there is an unwarranted disparity between his sentence and the sentence of a codefendant. We reject each of these contentions.

With respect to Kelly's challenges to the district court's calculation of his advisory Sentencing Guidelines range, we conclude that the district court's factual findings were not clearly erroneous and that the district court did not commit an error of law. *See United States v. Henderson*, 136 F.4th 527, 535 (4th Cir. 2025) ("[W]e grant a district court's factual findings based upon assessments of witness credibility the highest degree of appellate deference." (alteration and internal quotation marks omitted)); *United States v. Gross*, 90 F.4th 715, 720 (4th Cir. 2024) ("[W]hen assessing a Guidelines calculation . . . , we review the district court's factual findings for clear error and its legal conclusions de novo." (internal quotation marks omitted)).

As for Kelly's other challenges to his sentence, we conclude that Kelly has not shown a legal error in his sentence and that the district court did not abuse its discretion in imposing the sentence that it chose after considering the 18 U.S.C. § 3553(a) factors. *See United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) ("We review the reasonableness of a sentence under . . . § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." (alteration and internal quotation marks omitted)); *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (explaining district court's discretion to impose consecutive sentences).

6

Finally, we discern no reversible error in the district court's order denying Kelly's motion to reconsider his sentence. *United States v. Kelly*, No. 3:21-cr-00522-JFA-7 (D.S.C. June 28, 2023).

Accordingly, we affirm the criminal judgment and the district court's order denying Kelly's motion to reconsider his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*