**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4113**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN OAKS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-02-89)

———————

Submitted: June 5, 2006                    Decided: July 7, 2006

———————

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina; Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Allen Oaks was convicted by a jury of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2000). At sentencing, the district court found Oaks was an armed career criminal. See 18 U.S.C. § 924(e) (2000). The court sentenced Oaks to 240 months' imprisonment on the first count and 300 months' imprisonment on the third count, to be served concurrently. Furthermore, the district court found that Oaks brandished a firearm; accordingly, it sentenced Oaks to a consecutive sentence of eighty-four months' imprisonment on the second count. See 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Oaks now appeals his convictions and sentence.

First, Oaks contends the district court issued a jury instruction pertaining to the distribution charge that was prejudicial and did not accurately state the controlling law. Specifically, Oaks contends the district court should have instructed the jury pursuant to United States v. Swiderski, 548 F.2d 445, 450 (2d Cir. 1977).[1] We review both the decision to give

[1]In Swiderski, the Second Circuit held that "where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse — simple joint possession, without any intent to distribute the drug further." Swiderski, 548 F.2d at

an instruction and the content of the instruction for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). It is our responsibility as a reviewing court to determine whether the instructions as a whole "adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the [appellant]." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1998). We have previously declined to "reach the question of whether Swiderski is good law in this Circuit." United States v. Washington, 41 F.3d 917, 920 n.2 (4th Cir. 1994). After a careful review of the relevant materials, we conclude the district court adequately informed the jury of the controlling legal principles and, consequently, did not abuse its discretion.

Next, Oaks contends that the second count of the indictment, charged under 18 U.S.C. § 924(c) (2000), was duplicitous in that it charged separate and distinct offenses. A duplicity challenge must be made prior to trial under Fed. R. Crim. P. 12(b)(2), (e), absent cause for waiver. See United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985) (applying former version of Rule 12(e)). Because Oaks failed to establish that he raised this issue prior to trial and also failed to establish cause for the waiver, we find that this claim has been waived.

---

450.

Oaks also accuses the district court of numerous abuses of discretion under Fed. R. Evid. 404(b) for the admission of allegedly prejudicial evidence of bad acts that, Oaks contends, bore no relation to the acts charged in the indictment. Under Rule 404(b), evidence of other bad acts is admissible only if it is "probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). Such evidence is properly admitted when it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (internal citations and quotations omitted). In addition, the evidence must be more probative than prejudicial. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). However, a district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. Further, evidentiary rulings are subject to review for harmless error under Fed. R. Crim. P. 52, and any error will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting Kotteakos v. United States, 382 U.S. 750, 765 (1946)). After a careful review of the materials, particularly the trial transcript, we conclude that any error committed by the

district court under Rule 404(b) was harmless.[2]  Therefore, we affirm Oaks' convictions.

Finally, Oaks challenges the brandishing enhancement to his sentence on the § 924(c) firearm charge.  To support a brandishing enhancement, the court must make a finding that the defendant had the firearm with him or close at hand.  United States v. Groce, 398 F.3d 679, 681-82 (4th Cir. 2005).  Because the record reflects no such finding, we vacate Oaks' sentence and remand the case to the district court for resentencing.  See Groce, 398 F.3d at 681-82 & n.2.[3]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[2]Further, we note that several of Oaks' Rule 404(b) challenges are raised for the first time on appeal.  Oaks has not demonstrated plain error in these instances.  See United States v. Olano, 507 U.S. 725, 731-32 (1993).

[3]Additionally, we find Oaks' challenge to his armed career criminal status is meritless.  See Shepard v. United States, 544 U.S. 13, 25 (2005) (holding that Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record."); United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (stating that predicate convictions do not have to be charged in the indictment or submitted to a jury so long as no facts extraneous to the facts necessary to support the enhancement need be decided to invoke the enhancement).