**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-5111**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN OAKS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Lacy H. Thornburg, District Judge.   (1:02-cr-00089)

─────────────

Submitted:  August 20, 2007          Decided:  August 30, 2007

─────────────

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Janna D. Allison, Waynesville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Jerry Wayne Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gregory Oaks of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2000). At sentencing, the district court found Oaks was an armed career criminal. See 18 U.S.C. § 924(e) (2000). The court sentenced Oaks to 240 months' imprisonment on the first count and 300 months' imprisonment on the third count, to be served concurrently. Furthermore, the district court found that Oaks brandished a firearm; accordingly, it sentenced Oaks to a consecutive sentence of eighty-four months' imprisonment on the second count. See 18 U.S.C. § 924(c)(1)(A)(ii) (2000).

Oaks appealed, and we affirmed Oaks' convictions. However, we concluded the district court's brandishing finding was not properly supported, because the court did not find Oaks had a firearm with him or close at hand, as required by United States v. Groce, 398 F.3d 679, 681-82 (4th Cir. 2005). Accordingly, we vacated Oaks' sentence and remanded to the district court for resentencing. See United States v. Oaks, 185 F. App'x 298 (4th Cir.) (unpublished), cert. denied, 127 S. Ct. 567 (2006).

The district court expressly found on remand that Oaks had a firearm with him or close at hand. The court sentenced Oaks

- 2 -

to an identical term of 384 months' imprisonment, and Oaks appealed. Oaks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but suggesting the district court erroneously found Oaks brandished a firearm. Oaks filed a pro se supplemental brief asserting the brandishing enhancement was factually erroneous and the imposition of sentence was improper under United States v. Booker, 543 U.S. 220 (2005). The Government declined to file a responding brief. Finding no error, we affirm.

Pursuant to 18 U.S.C. § 924(c)(1)(A) (2000), any person who, during and in relation to any crime of violence, uses or carries a firearm, or who, in furtherance of any such crime, possesses such a firearm, shall, receive a sentence consecutive to the punishment provided for such crime of violence. If the firearm was brandished, the consecutive sentence is not to be less than seven years' imprisonment. See 18 U.S.C. § 924(c)(1)(A)(ii) (2000). "Brandish" means, with respect to a firearm, "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4) (2000). "Presence" is the fact or condition of being "in view or at hand." Groce, 398 F.3d at 681. Therefore, brandishing occurs in this context upon a finding a firearm was on the person or close at hand. Id. at 682.

After thoroughly reviewing the record, including the district court's findings at the resentencing hearing, we conclude the court properly found Oaks brandished a firearm. Furthermore, absent a Government motion for downward departure on the basis of substantial assistance, the district court lacked discretion to sentence Oaks below the seven-year statutory minimum on this count. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005). We conclude the sentence was proper.*

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Oaks's sentence. We deny Oaks' motion for substitution of counsel. This court requires that counsel inform Oaks, in writing, of the right to petition the Supreme Court of the United States for further review. If Oaks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

---

*Oaks contends the district court did not sufficiently reference the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors while imposing sentence. To the extent this contention is properly before the court with respect to counts one and three, the sentence was presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Furthermore, the district court acknowledged the § 3553(a) factors at resentencing and was not required to comment more extensively. See Rita, 127 S. Ct. at 2469; United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Oaks.

AFFIRMED